**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**TAMPA DIVISION**

**ANGELICA DOBRUCK,**

**Plaintiff,**

**vs.** **Case No.** 8:17cv923T23TBM

**POLK COUNTY SHERIFF GRADY JUDD,**
**WARNER ANTHONY BURGESS,**
**ELTON HARTSFIELD,**
**ROBERT PETER HILL,**
**SHAUGHN BRIAN HURT,**
**STEPHEN KNAPP,**
**ROY E. KNECHT,**
**CHARLES THOMAS HEATH, and**
**UNKNOWN OFFICERS,**

**Defendants.**
______________________________/

FILED
APR 17 2017
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**COMPLAINT; DEMAND FOR JURY TRIAL**

Comes now Plaintiff, ANGELICA DOBRUCK, by and through undersigned Counsel, and files this Complaint; Demand for Jury Trial:

**Count I. Drivers Privacy Protection Act against All Defendants**

**18 U.S.C. § 2721, et seq.**

1. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, based on the federal civil rights violations alleged herein.

2. Venue is proper in this Court because Plaintiff resides in this division of the Middle District of Florida and many of the violations alleged occurred within this Court's GEOGRAPHICAL district.

3. Plaintiff, ANGELICA DOBRUCK, is a United States citizen AND a resident of Florida. She is a servicemember in the U.S. Army Reserve.

4. Defendant, Polk County Sheriff Grady Judd, is being sued in his official capacity only. As such, this Sheriff (also referred herein as the Polk County Sheriff's Office") is a State of Florida constitutional officer subject to suit in this Court. Sheriff Judd facilitated and is liable for

I.F.P.

at least 18 instances of unlawful accessing, obtaining, disclosing, and/or using Angelica Dobruck's information from a motor vehicle record on the DAVID system, for a purpose not permitted under the DPPA, by its employees, Defendants Burgess, Hartsfield, Heath, Hill, Hurt, Knapp, Knecht, and various unnamed officers.

5. Defendant, Warner Anthony Burgess, is an employee of the Polk County Sheriff's Office. He is being sued in his individual capacity only. Defendant Burgess intentionally and knowingly obtained, disclosed, and/or used Plaintiff Angelica Dobruck's personal and restricted information from a motor vehicle record on the DAVID system, for a purpose not permitted under the DPPA, on at least one occasion on May 2, 2013.

6. Defendant, Elton Hartsfield, is an employee of the Polk County Sheriff's Office. He is being sued in his individual capacity only. Defendant Hartsfield intentionally and knowingly obtained, disclosed, and/or used Plaintiff Angelica Dobruck's personal and restricted information from a motor vehicle record on the DAVID system, for a purpose not permitted under the DPPA, on at least one occasion on January 25, 2013.

7. Defendant, Charles Thomas Heath, is an employee of the Polk County Sheriff's Office. He is being sued in his individual capacity only. Defendant Heath intentionally and knowingly obtained, disclosed, and/or used Plaintiff Angelica Dobruck's personal and restricted information from a motor vehicle record on the DAVID system, for a purpose not permitted under the DPPA, on at least two occasions on September 16, 2014, and on at least two occasions on May 17, 2016.

8. Defendant, Robert Peter Hill, is an employee of the Polk County Sheriff's Office. He is being sued in his individual capacity only. Defendant Hill intentionally and knowingly obtained, disclosed, and/or used Plaintiff Angelica Dobruck's personal and restricted information from a motor vehicle record on the DAVID system, for a purpose not permitted under the DPPA, on at least four occasions on September 7, 2016.

9. Defendant, Shaughn Brian Hurt, is an employee of the Polk County Sheriff's Office. He is being sued in his individual capacity only. Defendant Hurt intentionally and

knowingly obtained, disclosed, and/or used Plaintiff Angelica Dobruck's personal and restricted information from a motor vehicle record on the DAVID system, for a purpose not permitted under the DPPA, on at least one occasion on September 22, 2012.

10. Defendant, Stephen Knapp, is an employee of the Polk County Sheriff's Office. He is being sued in his individual capacity only. Defendant Knapp intentionally and knowingly obtained, disclosed, and/or used Plaintiff Angelica Dobruck's personal and restricted information from a motor vehicle record on the DAVID system, for a purpose not permitted under the DPPA, on at least two occasions on May 9, 2016.

11. Defendant, Roy E. Knecht, is an employee of the Polk County Sheriff's Office. He is being sued in his individual capacity only. Defendant Knecht intentionally and knowingly obtained, disclosed, and/or used Plaintiff Angelica Dobruck's personal and restricted information from a motor vehicle record on the DAVID system, for a purpose not permitted under the DPPA, on at least one occasion on October 23, 2012.

12. Defendants, various Unknown Officers, are employees of the Polk County Sheriff's Office. These officers intentionally and knowingly obtained, disclosed, and/or used Plaintiff Angelica Dobruck's personal and restricted information from a motor vehicle record on the DAVID system, for a purpose not permitted under the DPPA, on at least two occasions on July 16, 2012, and on at least one occcasion on October 23, 2012, and on at least one occasion on January 25, 2013.

13. At all times relevant, Plaintiff either held a State of Florida drivers license or identification, or owned one or more motor vehicles registered with the State of Florida Department of Safety and Motor Vehicles ("DHSMV"). To obtain a State of Florida ID or drivers license, and/or register a motor vehicle with DHSMV, Plaintiff was required to, and did, provide DHSMV with certain "personal information" as defined in 18 U.S.C. § 2725. DHSMV collected Plaintiff's personal information through branch offices maintained by DHSMV.

14. DHSMV entered Plaintiff's personal information into the computer database of motor vehicle records maintained and administered by DHSMV, consisting of records pertaining

to motor vehicle operators' permits, motor vehicle titles, motor vehicle registration, color photograph or image, Social Security number, date of birth, state of birth, detailed vehicle registration information and description, prior and current home and mailing addresses, emergency contacts and those contacts private and highly-restricted personal information. DHSMV and the Florida Department of Law Enforcement ("FDLE") made available Plaintiff's personal information to law enforcement personnel throughout Central Florida via the Driver and Vehicle Information Database ("DAVID") system.

15. In 2010, Plaintiff's father, Walter Dobruck, Jr., filed a whistleblower lawsuit against the County of Lake, *UNITED STATES of AMERICA & WALTER DOBRUCK vs. LAKE COUNTY*, CASE No. 5:10-CV-79-OC-32GRJ, alleging embezzlement, money laundering, bid rigging, and housing fraud by local & state government officials. Subsequently, Mr. Dobruck has filed complaints against one or more law enforcement officers and agencies.

16. Fewer than four years before the filing of this action, Plaintiff discovered that she and at least four other family members were being stalked and otherwise harassed by law enforcement officers in Central Florida. Plaintiff realized that she and her family members' unlisted telephone numbers and home addresses were accessible to law enforcement officers in Florida through DAVID. Based on her perception of unusual and unwarranted police activity around herself and her family members, and based on interference in her and her family members' personal lives, Plaintiff contacted DHSMV on or about 2015 to inquire as to who, if anyone, was viewing her private information. Thereafter, DHSMV provided Plaintiff with DAVID reports of Defendants accessing and obtaining her private and restricted information from the DAVID system without permissible reasons.

17. None of the Defendants' accessing of Plaintiff's personal DAVID information alleged herein fell within the DPPA's permitted exceptions for procurement of private information.

18. By the actions described above, each individual Defendant was acting with apparent authority and within the course and scope of his or her employment when he or she

obtained, disclosed or accessed Plaintiff's personal and restricted information from the DAVID system for an unlawful purpose. More specifically, the individual Defendants were authorized to use their respective employer's premises and computers to access the DAVID system as part of their job duties, and the individual Defendants utilized their respective employer's facilities and their employment status during their respective work hours to access Plaintiff's information on DAVID.

19. After a reasonable opportunity for conducting discovery, the evidence is likely to show that in accessing Plaintiff's information from the DAVID system, the individual Defendants did so -- at least in part --with the intent to further their respective employers interests in such ways as protecting the employers from public opprobrium, wreaking vengeance on the extended Dobruck family for the whistleblowing, or increasing the overall morale of the employer's employees.

20. At no time did Plaintiff provide her consent for any of the Defendants to obtain, disclose or use her private information for anything but legitimate law enforcement business.

21. No Defendant reported any impermissible DAVID access to Plaintiff.

22. Intentionally obtaining, disclosing or using drivers license information without an authorized purpose is a violation of DPPA.

23. All Defendants have violated Plaintiff's legally protected interest under the DPPA.

24. The individual Defendants willfully and recklessly disregarded the law, entitling Plaintiff to punitive damages under the DPPA.

25. Under the DPPA, a plaintiff is entitled to a baseline liquidated damages award of up to $2,500 for each violation of the DPPA, plus other damages, costs, and attorney fees.

26. As a result of each of the Defendant's actions who unlawfully accessed Plaintiff's private and personal information from DAVID, she has been injured and has suffered damages, including pain and suffering, emotional distress and mental anguish, loss of capacity to enjoy life, and economic losses.

27. Plaintiff demands all relief that is just and equitable, including liquidated and other compensatory damages, punitive damages (against all individual Defendants only), and reasonable attorney fees and litigation costs pursuant to the DPPA.

**Demand for Jury Trial**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted by:

s/ Mark E. Tietig

Mark E. Tietig, Trial Counsel
Fla. Bar No. 105465
Tietig & Tietig, P.A.
6065 South Tropical Trail
Merritt Island, FL 32952
(321) 452-9944
Facsimile: (321) 452-6960
mt@tietig.com
Attorney for Plaintiff